UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

EVARISTO ROSARIO,         :
         Plaintiff,       :
                          :
v.                        :    C.A. No. 14-523ML
                          :
MAGISTRATE JOHN F. MCBURNEY III, :
et al.,                   :
         Defendants.      :

# REPORT AND RECOMMENDATION
# FOR SUMMARY DISMISSAL PURSUANT TO § 1915(e)

Patricia A. Sullivan, United States Magistrate Judge

On December 5, 2014, Plaintiff Evaristo Rosario filed *pro se* a document entitled "Motion Complaint Motion Discrimination," together with a motion for leave to proceed *in forma pauperis* ("IFP"). The IFP Motion, which has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A), renders this case subject to preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Based on my review of the operative pleading,[1] I find that it is frivolous and fails to state a claim upon which relief may be granted. Accordingly, I recommend that the case be summarily dismissed without prejudice. 20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1); see Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In addition, my review of Plaintiff's IFP motion, when compared to other such motions that he has filed in this Court, raises serious credibility concerns about the accuracy of the averments; in the event that this Court determines that his case may proceed, I recommend that his IFP motion be denied without

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of his filing. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim.

prejudice to refiling with sufficient information to establish that he is unable to pay fees and costs.

**Screening of the Complaint**

Plaintiff's filing states that he suffered racial discrimination and the denial of his right of free speech at the hands of Rhode Island Magistrate John F. McBurney III and Assistant Attorney General John Krollman, based on being a "black latino speaker" while attempting to expunge his criminal record in Rhode Island state court on December 5, 2014. He claims that he was not allowed to speak during the proceeding except to provide his name and date of birth. Mr. Rosario also alleges that he was abused by the Rhode Island court system because he did not commit a crime and had ineffective assistance of counsel which led to a "life of hell with a criminal record" and caused him to lose his home, money and business.

This is the fifth case Mr. Rosario has filed in this Court arising from a 2008 criminal conviction in Rhode Island state court. See State v. Rosario, P2-2006-2127A. In three of those federal matters, his claims were dismissed as frivolous and for failure to state a claim. See Rosario v. Rhode Island, C.A. No. 14-462M; Rosario v. Savage, C.A. No. 14-417M; Rosario v. Rhode Island, C.A. No. 13-446S. The fourth, filed in 2013, was a petition for habeas corpus, which was dismissed as he was not then in state custody. See Rosario v. Rhode Island, C.A. No. 13-373ML. In one instance, this Court took the time to amplify on the reasons why his claims were frivolous, including that claims against judicial officers are barred by the doctrine of judicial immunity, that claims against prosecutors are barred by the doctrine of prosecutorial immunity and that claims against the State of Rhode Island are barred by the Eleventh Amendment based on the State's sovereign immunity. Rosario v. Rhode Island, C.A. No. 13-446S, ECF No. 3 at 4-5. The instant matter appears to be the latest chapter in Plaintiff's vendetta

against the State of Rhode Island and its judicial officers stemming from his 2008 criminal conviction.

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A is the same used when ruling on a Rule 12(b)(6) motion to dismiss. Hodge v. Murphy, 808 F. Supp. 2d 405, 408 (D.R.I. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Section 1915 also requires dismissal if the Court finds that the case is frivolous or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. A viable complaint must also satisfy Fed. R. Civ. P. 8(a), which requires a plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction . . . and of the claim showing that the pleader is entitled to relief," as well as Fed. R. Civ. P. 10(a-b), which requires a caption and claims set out in numbered paragraphs, each limited to a single set of circumstances.

I will not reinvent the wheel. For the same reasons that this Court explicated in his prior matter, Mr. Rosario's allegations against Magistrate McBurney and Assistant Attorney General Krollman are frivolous and barred by the doctrines of judicial and prosecutorial immunity. When performing their respective functions, judicial officers and prosecutors are protected by absolute immunity. Van de Kamp v. Goldstein, 555 U.S. 335, 340-43 (2009) (prosecutor enjoys absolute immunity as long as challenged conduct falls within function as advocate for a governmental entity); Forrester v. White, 484 U.S. 219, 225-28 (1988) (absolute judicial immunity originated in medieval times to discourage collateral attacks on judicial

decisionmaking and to insulate judges from vexatious actions by disgruntled litigants); see also Adames v. Fagundo, 198 F. App'x 20, 22 (1st Cir. 2006) (per curiam) (judicial immunity bars suits under § 1983 for money damages and injunctive relief). Magistrates are entitled to absolute immunity under the same conditions as judges. King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992) (citing Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)). Plaintiff also purports to sue the State of Rhode Island, naming it in his complaint as the "Rhode Island Judiciary System." The Supreme Court has consistently held that the Eleventh Amendment provides immunity to an unconsenting State from suits brought in federal courts by her own citizens, as well as by citizens of another state. Edelman v. Jordan, 415 U.S. 651, 662–63 (1974); Acevedo-Concepcion v. Irizarry-Mendez, CIV. 09-2133 JAG, 2013 WL 3227880 (D.P.R. June 25, 2013); see Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it, . . . a State cannot be sued directly in its own name regardless of the relief sought").

Finally, as with each of his prior filings, Mr. Rosario's complaint lacks the basic indicia of a complaint and to that extent fails to comport with Fed. R. Civ. P. 8(a) and 10(b). Rule 10 requires that a complaint must have separately-numbered paragraphs setting out the claims, each paragraph limited to a single set of circumstances. Fed. R. Civ. P. 10(b). Fed. R. Civ. P. 8(a) requires that every complaint must contain a short and plain statement of the claim and a demand for the relief sought. Apart from his obvious pique at Magistrate John F. McBurney III and Assistant Attorney General John Krollman, the filing does not adequately identify the capacity or the legal basis that forms the foundation for the claims against each defendant; in addition, it does not state a demand for the relief sought in this Court.

**IFP Motion**

This IFP motion is the eighth Mr. Rosario has filed since May of 2013. I have reviewed the others and note that, three times in 2013, Mr. Rosario reported ownership of a business (Rosario's Insurance) and of real estate in the City of Providence. Rosario v. Rhode Island, C.A. No. 13-446S, ECF Nos. 2, 9; Rosario v. Rhode Island, C.A. 13-373ML, ECF No. 2. In each instance, the IFP motion was denied; in each ruling, this Court made clear that Mr. Rosario may provide additional information sufficient to permit the Court to determine whether he is truly indigent, but he did not do so. Rosario v. Rhode Island, C.A. No. 13-466S, ECF Nos. 3 at 1-2; 13 at 1; Rosario v. Rhode Island, C.A. No. 13-373ML, ECF No. 3. In one instance, the Court pointed out that the City of Providence Tax Assessor Database reflected that he owned two properties as of the date of the motion. Rosario v. Rhode Island, C.A. No. 13-446S, ECF No. 3 at 2 n.2.

A check of the same database in connection with this IFP motion reflects that Mr. Rosario still appears to own at least one property, permitting the inference that the response under penalty of perjury in his Application filed in this case that he owns no real estate may not be accurate. http://gis.vgsi.com/providenceri/Parcel.aspx?pid=18682 (visited on December 18, 2014). I also note that an internet listing for Rosario Insurance, the business identified in the 2013 IFP motions, remains accessible. http://www.manta.com/c/mtgzlcb/rosarios-insurance (visited on December 18, 2014). Based on the foregoing, I conclude that Mr. Rosario has not yet satisfied the requirements of 28 U.S.C. § 1915(a)(2). Accordingly, if this Court determines that this case may proceed, I recommend that the IFP motion be denied without prejudice to refiling with sufficient truthful information about his business and real estate interests to permit this Court to determine whether he is eligible for IFP status.

**Conclusion**

Based on the foregoing, I recommend Mr. Rosario's Application to Proceed Without Prepayment of Fees be denied without prejudice. I also recommend that his complaint be dismissed without prejudice. See 28 U.S.C. §§ 1915(e)(2), 1915A.

With his fifth complaint recommended for dismissal as frivolous in less than two years, I observe that Mr. Rosario's conduct seriously taxes this Court's limited resources. Although he has the right to seek redress in this Court, he does not have the right to abuse the process and waste judicial resources by regularly filing frivolous lawsuits. Thus, pursuant to Fed. R. Civ. P. 11 and the Court's inherent power to address abuse of the Court process, I recommend that the Court issue an order limiting his ability to file complaints without completely denying his access. See Azubuko v. MBNA America Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("a district court has the power to enjoin a party from filing frivolous and vexatious lawsuits"). In particular, I recommend that the Court enter the following Order to address his pattern of filing frivolous lawsuits:

> Plaintiff Evaristo Rosario is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently pending cases to object to a report and recommendation of a Magistrate Judge or to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Evaristo Rosario wishes to file any additional complaints or other papers in this Court, he shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good faith basis for filing them in Federal Court. The Clerk of Court shall accept the documents, mark them received, and forward them to a District Judge of this Court for action on the petition for leave to file.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a

timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
December 18, 2014