UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


EVARISTO ROSARIO,            :
        Plaintiff,         :
                   :
v.                     :       C.A. No. 14-523ML
                   :
MAGISTRATE JOHN F. MCBURNEY III, :
et al.,                :
        Defendants.     :


**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

On December 5, 2014, Plaintiff Evaristo Rosario filed *pro se* a document entitled

"Motion Complaint Motion Discrimination," together with a motion for leave to proceed *in*

*forma pauperis* ("IFP"). I reviewed the pleading and the motion and found that the former is

frivolous and fails to state a claim and the latter inadequate based on the lack of sufficient

information to permit the Court to determine IFP eligibility. I recommended that the IFP motion

be denied and the case be summarily dismissed without prejudice. Plaintiff did not object to the

report and recommendation, and Judge Lisi adopted it in its entirety on January 20, 2015.

Rosario v. McBurney, C.A. No. 14-523ML, 2015 WL 247868, at *1 (D.R.I. Jan. 20, 2015). On

March 4, 2015, Plaintiff filed a "Motion to Appeal" the decision to the First Circuit. ECF No. 5.

He accompanied his appeal with a motion for leave to proceed IFP on appeal, ECF No. 7, which

has been referred to me for determination. Because I find that it should be denied, I am

addressing it by report and recommendation. Keselica v. Wall, No. CA 07-224 ML, 2007 WL

2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is equivalent of dismissal).

Procedurally, Plaintiff's IFP motion is controlled by Fed. R. App. P. 24(a), which

requires that the applicant provide this Court with an affidavit that (i) demonstrates the party's

inability to pay in the detail prescribed by Form 4 of the Appendix of Forms; (ii) claims an

entitlement to redress; and (iii) states the issues that the party intends to present on appeal.

Plaintiff did not comply with any of these requirements. Instead, he filed an IFP affidavit (the

eleventh since May 2013) that still lacks truthful information about his real estate and business

interests, which he has repeatedly been ordered to provide as a predicate to seeking IFP status.

See, e.g., Rosario v. McElroy, C.A. No. 15-060ML, ECF No. 3 at 5-6; Rosario v. Rhode Island,

C.A. No. 13-446S, ECF No. 3 at 2 n.2. For this reason alone, I find him ineligible to proceed

IFP and recommend that the IFP motion be denied. Washington v. Wall, No. CA 03-444 S, 2014

WL 2781336, at *4 (D.R.I. June 19, 2014), aff'd, No. 14-1230, Judgment (1st Cir. Jan. 21,

2015).

The merits of this appeal are equally unavailing – it is the latest in a long line of litigation

based on the same frivolous claim[1] that Plaintiff has filed in this District and thrice appealed to

the First Circuit and once to the United States Supreme Court. See Rosario v. McElroy, C.A.

No. 15-060ML (report and recommendation that case be summarily dismissed pending); Rosario

v. R.I. Public Defender, C.A. No. 14-541M (complaint dismissed for failing to state a claim upon

which relief can be granted); Rosario v. Rhode Island, C.A. No. 14-462M, appeal filed, No. 14-

2136 (1st Cir. Oct. 21, 2014); Rosario v. Savage, C.A. No. 14-417M, aff'd, No. 14-2109 (1st.

---

[1] In brief, Plaintiff's cases all focus on his 2008 felony conviction for assault; in this case, he claims he is the victim of discrimination and has been deprived of freedom of speech based on his failed attempts to expunge it from his criminal record. ECF No. 5 at 1-2. He sued the State, a magistrate, the Rhode Island judiciary and a prosecutor, all of whom are protected by various forms of immunity. In addition, as noted in Rosario v. McElroy, C.A. No. 15-060ML, ECF No. 3 at 4, the Rhode Island expungement statute does not permit expungement of this felony conviction until ten years after the completion of his five-year suspended sentence, which is 2023 at the earliest. R.I. Gen. Laws §§ 12-1.3-2(c), 12-1.3-3(b). Finally, the Court found that the complaint fails to comport with Fed. R. Civ. P. 8(a) and 10(b).

Cir. Feb. 13, 2015); Rosario v. Rhode Island, C.A. No. 13-446S, aff'd, No. 13-2039 (1st Cir. July 16, 2014), cert. denied, 135 S. Ct. 407 (2014), reh'g denied, No. 14-5806, 2015 WL 232083 (Jan. 20, 2015). Each effort has been dismissed as frivolous and for failure to state a claim, except for one, filed after this one, C.A. No. 15-060ML, which is currently pending before the district judge on my recommendation that it be dismissed and that Plaintiff be enjoined from further filings except with written approval of the Court. Rosario v. McElroy, C.A. No. 15-060ML, ECF No. 3 at 6-7. The instant Motion to Appeal reprises the same allegations as were in the complaint that this Court dismissed as frivolous – that he has been denied his constitutional rights while trying to expunge his criminal record, causing him to be "suffering in pain the destruction and damage done by Rhode Island people in power to destroy my life." ECF No. 5 at 2.

Pursuant to Fed. R. App. P. 24(a) and 28 U.S.C. § 1915(a)(3), which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith," I recommend that the Court find that this appeal does not deserve additional judicial attention and certify that it is not taken in good faith. United States v. Graham, No. CR 13-132-01-ML, 2014 WL 468969, at *1 (D.R.I. Feb. 6, 2014) (internal citations omitted). In light of that certification, I further recommend that Plaintiff be denied IFP status, even if he overcomes the procedural deficits in his IFP motion. Id. (good faith standard is objective; appeal not in good faith if it seeks review of issues that are frivolous).

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days after its service on the objecting party. See Fed. R. Crim. P. 59(b); DRI LR Cr 57.2(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to

appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008);

Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 10, 2015